UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

In re:

GREGORY CHARLES NORDSTROM
and MIA CARMELLA BARRON,

Debtors.

Case No. 6:07-bk-14134-PC

Chapter 7

Date: January 16, 2008
Time: 9:30 a.m.
Place: United States Bankruptcy Court
Courtroom # 303
3420 Twelfth Street
Riverside, CA 92501

## MEMORANDUM DECISION

Steven M. Speier, Chapter 7 Trustee ("Speier") seeks an order dismissing this case due to the failure of Gregory Charles Nordstrom and Mia Carmella Barron ("Debtors") to timely provide him with a copy of their separate federal income tax returns for 2006 ("2006 returns") in accordance with § 521(e)(2)(A)(i) of the Code.[1] At the hearing, Speir appeared *pro se* and Marjorie M. Johnson appeared for the Debtors. The court, having considered Speier's motion and the Debtors' opposition thereto, the evidentiary record, and arguments of counsel, makes the following findings of fact and conclusions of law[2] pursuant to Fed. R. Civ. P. 52, as incorporated into Fed. R. Bankr. P. 7052 and made applicable to contested matters by Fed. R. Bankr. P. 9014(c).

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse and Consumer Prevention Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), which make applicable certain Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

[2] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.

## I. STATEMENT OF FACTS

On July 19, 2007, the Debtors filed a voluntary petition under chapter 13 of the Code. In their schedules, the Debtors disclosed assets valued at $645,900 and debts in excess of 769,241.[3] Schedules I and J reflect current monthly income and expenses of $8,010 and $7,110, respectively, with disposable net income of $900 a month. In their chapter 13 plan, the Debtors proposed to pay $54,000 to the trustee in 60 monthly payments of $900 each to pay mortgage arrears, priority tax claims, and administrative expenses with no dividend to creditors holding unsecured nonpriority claims.

On August 6, 2007, the court held a hearing on confirmation of the Debtors' proposed chapter 13 plan. At the hearing, the Debtors advised the court of their intention to convert the case to a case under chapter 7. On September 10, 2007, the Debtors filed a request for conversion of the case to chapter 7 pursuant to § 1307(a). On September 13, 2007, an order was signed and entered converting the case to chapter 7 and Speier was appointed trustee. The first date set for the meeting of creditors was October 18, 2007. Debtors provided Speier with a copy of their federal income tax return for 2005, but did not provide Speier with a copy of the 2006 returns. At the creditors' meeting on October 18, 2007, Speier confirmed that the 2006 returns had been filed and warned the Debtors that he would seek dismissal of their case if the 2006 returns were not provided to him by the end of the week. Speier continued the creditors' meeting to November 13, 2007, in anticipation of receiving the 2006 returns.

On November 13, 2007, Debtors' counsel appeared at the continued creditors' meeting without the Debtors and advised Speier that she had not received the 2006 returns despite her "harsh admonitions" to her clients to produce the documents. Speier continued the creditors'

---

[3] In Schedule D, the Debtors identified 3 creditors holding claims totaling $577,202 secured by real and personal property of the estate. Debtors scheduled $15,355 in unsecured priority debt in Schedule E, consisting of unpaid state and federal income taxes. In Schedule F, Debtors listed 39 creditors holding unsecured non-priority claims of $176,684, which included credit card debt, collection accounts, and judgments of $158,783.

- 2 -

1  meeting to January 29, 2008, and informed Debtors' counsel of his intention to file a motion to

2  dismiss. Debtor's counsel ultimately received a copy of the 2006 returns from her clients on

3  November 15, 2007. Speier received a copy of the 2006 returns by fax from Debtors' counsel on

4  November 16, 2007 – 36 days after the deadline set by § 521(e)(2)(A)(i).

5      On November 27, 2007, Speier moved to dismiss the case due to the Debtors' failure to

6  timely submit the 2006 returns. On December 18, 2007, Debtors filed an untimely response in

7  opposition to the motion,[4] arguing that the case should not be dismissed because they have now

8  "complied with all requirement [sic] of the Bankruptcy code." At the hearing on January 17,

9  2008, the court took the matter under submission.

10                                               II. DISCUSSION

11     This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and

12 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is

13 appropriate in this court. 28 U.S.C. § 1409(a).

14     In return for the safeguards and relief provided by the Code, § 521 and Rule 4002 impose

15 certain responsibilities on a debtor. 11 U.S.C. § 521; Fed. R. Bankr. P. 4002. See e.g., Beach v.

16 Morris (In re Beach), 281 B.R. 917, 921 (10th Cir. BAP 2002) ("In addition to imposing

17 affirmative duties on the Debtors, these provisions impress the policy that a debtor who

18 voluntarily submits him or herself to the jurisdiction of the bankruptcy court to obtain the full

19 benefit of a discharge of debts, must fulfill certain duties to insure that estate assets are

---

[4] Rule 9013-1(g)(1) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR") states that "any response and request for hearing must be filed and served within 15 days after the date of service of the notice." LBR 9013-1(g)(1). On November 27, 2007, Speier served the Debtors with a copy of the motion for dismissal and notice of opportunity to request a hearing. Debtors were required to file and serve a response to the motion not later than December 12, 2007. Debtors did not file and serve their written opposition to the motion until December 27, 2007. Papers not timely filed and served may be deemed by the court to be consent to the granting or denial of the motion, as the case may be. LBR 9013-1(a)(11). Notwithstanding its untimeliness, the court will consider the Debtors' response in conjunction with adjudication of Speier's motion for dismissal.

-3-

administered in accordance with applicable law."); In re Porter, 276 B.R. 32, 39 (Bankr. D. Mass. 2002) ("Debtors who desire the full benefits of bankruptcy relief must fully comply with their duties under the Bankruptcy Code."). One of these duties is to cooperate with the trustee. 11 U.S.C. § 521(a)(3); see, e.g., In re Simpson, 306 B.R. 793, 797 (Bankr. D. S.C. 2003) ("The Bankruptcy Code provides that Debtors' foremost responsibility is to cooperate with the Court and the Trustee and to facilitate the accurate and proper performance of their duties."); In re Johnson, 281 B.R. 269, 270-71 (Bankr. W.D. Ky. 2002) ("All debtors have a duty to 'cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties.'"); In re Simpson, 269 B.R. 172, 176 (Bankr. S.D. Ohio 2002) ("A chapter 7 debtor has an affirmative duty to cooperate with the case trustee in the administration of the bankruptcy estate."). Another responsibility of the debtor, closely akin to the debtor's obligation under § 521(a)(3), is the fairly simple duty imposed by § 521(e)(2)(A)(i).

Section 521(e)(2)(A)(i) requires the debtor to provide the trustee, not later than 7 days before the date first set for the meeting of creditors, "a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed." 11 U.S.C. § 521(e)(2)(A)(i).[5] If the debtor fails to comply with this requirement, the case must be dismissed "unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor." 11 U.S.C. § 521(e)(2)(B).

---

[5] Rule 4002(b)(3), which implements § 521(e)(2)(A)(i), further provides:

> Tax Return. At least 7 days before the first date set for the meeting of creditors under § 341, the debtor shall provide to the trustee a copy of the debtor's Federal income tax return for the most recent tax year ending immediately before the commencement of the case and for which a return was filed, including any attachments, or a transcript of the tax return, or provide a written statement that the documentation does not exist.

Fed. R. Bankr. P [Interim] 4002(b)(3).

Unlike the automatic dismissal mandated by § 521(i)(1),[6] a dismissal for noncompliance with § 521(e)(2)(A)(i) requires a motion with notice and opportunity for hearing. See 11 U.S.C. § 521(e)(2)(B); Fed. R. Bankr. P. 9013. A trustee has discretion to seek dismissal, accept late compliance, or forego a remedy for noncompliance based upon the facts and circumstances of the case. See, e.g., In re Grasso, 341 B.R. 821, 825 (Bankr. D. N.H. 2006) ("There is nothing in the language of § 521(e)(2) that suggests that Congress intended to limit the discretion traditionally exercised by trustees in performing their duties under federal bankruptcy law."); In re Ring, 341 B.R. 387, 390 (Bankr. D. Me. 2006) ("The trustee has discretion to pursue dismissal, excuse noncompliance, or accept tardy compliance if he or she chooses."); In re Duffus, 339 B.R. 746, 748 (Bankr. D. Or. 2006) ("Nothing in § 521 suggests that the Trustee's motion was required."). But see In re Norton, 347 B.R. 391, 301-02 (Bankr. E.D. Tenn. 2006) (holding that nothing in the language of § 521(e)(2) authorizes a trustee to seek an extension of time for the debtor to provide the tax return required by § 521(e)(2)(A)(i)). If the trustee elects to seek dismissal and establishes a *prima facie* case under § 521(e)(2)(A)(i), the court must dismiss the case unless the debtor establishes that timely compliance was prevented by circumstances beyond the debtor's control. 11 U.S.C. § 521(e)(2)(B).

In this case, it is undisputed that 2006 was the latest taxable period ending prior to the date of the petition for which a tax return was filed, and that the Debtors had executed and filed separate 2006 returns in May 2007. Debtors did not provide a copy of their 2006 returns to Speier until 36 days after the deadline under § 521(e)(2)(A)(i). At the hearing, Debtors' counsel represented that the Debtors' voluminous records contributed to the delay in locating and

---

[6] Section 521(i)(1) states, in pertinent part:

> [I]f an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

11 U.S.C. § 521(i)(1). Section 521(i)(1)'s automatic dismissal provision has been described as "'self-executing, inflexible, and unforgiving.'" Warren v. Wirum, 378 B.R. 640, 647 (N.D. Cal. 2007) (citation omitted).

-5-

producing the 2006 returns. However, the Debtors' response did not allege that shoddy record-keeping was a contributing cause for the delay nor explain why the Debtors did not secure transcripts of the 2006 returns if copies of the actual returns could not be found. Indeed, the Debtors' response does not allege any facts or circumstances indicating that the failure to comply was beyond their control. Nor is there any evidence that the Debtors' failure to timely produce their 2006 returns was due to any reason other than culpable neglect.[7] Because the debtors have not established that circumstances beyond their control prevented compliance with § 521(e)(2)(A)(i), the court must dismiss the case.

In exchange for receiving the benefits of a discharge in bankruptcy, a chapter 7 debtor is expected to fully, honestly, and unconditionally cooperate with the trustee in the proper administration of the estate. Given the strict requirement of § 521(e)(2)(A)(i) and the sanction proscribed by § 521(e)(2)(B), Congress did not intend that trustees spend inordinate amounts of time chasing down tax returns from debtors who have sought relief in bankruptcy.

### III. CONCLUSION

For the reasons stated herein, Speier's motion for dismissal is granted and the Debtors' case will be dismissed without prejudice. A separate order will be entered consistent with this opinion.

Dated: January 18, 2008

PETER H. CARROLL
United States Bankruptcy Judge

---

[7] The Debtors' conduct is particularly egregious in light of their conversion from chapter 13. Section 521(e)(2)(A)(i) required the Debtors to provided the chapter 13 trustee with the 2006 returns 7 days prior to the first meeting of creditors held in the chapter 13 case on August 29, 2007. Furthermore, the Debtors could not have confirmed a plan in chapter 13 without proof that the 2006 returns had been filed. 11 U.S.C. §§ 1308(a) & 1325(a)(9). There is no indication that the 2006 returns were ever provided to the chapter 13 trustee.

**NOTE TO USERS OF THIS FORM:**
*Physically attach this form as the last page of the proposed Order or Judgment.*
*Do **not** file this form as a separate document.*

| In re GREGORY CHARLES NORDSTROM and MIA CARMELLA BARRON, | CHAPTER 7 |
|---|---|
| Debtor. | CASE NUMBER RS 07-14134 PC |

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1. You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify)*: MEMORANDUM DECISION

   was entered on *(specify date)*: JAN 2 2 2008

2. I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date)*: JAN 2 2 2008

Dated: JAN 2 2 2008

JON D. CERETTO
Clerk of the Bankruptcy Court

By: _____
Deputy Clerk

---

Service List

Gregory Charles Nordstrom
Mia Carmella Barron
12997 Tawya Rd.
Apple Valley, CA 92308


Marjorie M. Johnson
P.O. Box 3276
Crestline, CA 92325


Steven Speier
Chapter 7 Trustee
3403 Tenth Street, Ste. 742
Riverside, CA 92501


United States Trustee
3685 Main Street, Ste. 300
Riverside, CA 92501